UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| RONALD JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-237-TS |
| | ) | |
| WILLIAM K. WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Ronald Jones, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 dealing with the loss of earned credit time in a disciplinary hearing. On June 21, 2006, a disciplinary hearing board ("DHB") found the Petitioner guilty of battery on a correctional officer, ordered him placed in disciplinary segregation for one year, imposed a loss of three hundred sixty-five days of earned credit time, revoked his phone privileges for ninety days, and demoted him to a lower credit time earning classification. The Respondent has moved to dismiss the petition because the Petitioner did not exhaust his administrative remedies, attaching most of the hearing record. The Petitioner filed a response with an affidavit and portions of the hearing record attached.

The principles of exhaustion of available state remedies and procedural default apply to prison disciplinary hearings. *Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992). A petitioner's failure to pursue an available administrative remedy means he has procedurally defaulted his claims. The Petitioner's affidavit states, under penalty of perjury, that he prepared and submitted an administrative appeal but that officials later told him they had no record of it. Because there is a dispute over whether or not the Petitioner attempted to appeal the DHB's finding of guilt, the Court will not dismiss the petition and will review it on the merits.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rules Governing Section 2254 Cases, Rule 4. The parties have submitted sufficient documents from the administrative record that the Court can now determine the validity of the issues raised in the petition.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539, 564, 566, 570, 571 (1974), and (5) "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

The Petitioner presents six claims in his petition for writ of habeas corpus. His first claim is that the DHB denied him the opportunity to call witnesses and use a security videotape as evidence in his defense. *Wolff* requires that the Petitioner be permitted to submit relevant exculpatory evidence, but that right is waived unless he requests the evidence and witnesses before the hearing. "The law of this circuit does not entitle a prisoner to wait until the day of his hearing to request to call witnesses." *Sweeney v. Parke*, 113 F.3d 716, 720 n.5 (7th Cir. 1997) (citing *Miller v. Duckworth*, 963 F.2d 1002, 1004 n.2 (7th Cir. 1992)).

At screening, the Petitioner asked for a lay advocate and one witness, Sam Hubbard. (DE 9-7.) The record reflects that Hubbard filled out a witness statement that was submitted to the DHB for its consideration. (DE 9-8.) The Petitioner suggests that there were other witnesses, but he waived his right to call other witnesses by not identifying them, or requesting them, before the hearing. *See Miller*, 963 F.2d at 1005.

The Westville Correctional Facility has security video cameras strategically placed around the facility. The Petitioner states that "no reasons . . . [were] given as to why the requested film footage was not called upon and presented." (Pet. 3, DE 1). He suggests that the videotape "would have provided relevant and necessary facts exonerating the petitioner." (*Id.*)

The record reflects that the original hearing date was continued so that the DHB could obtain the videotape. (Postponement of Disc. Hr'g, DE 9-9.) The DHB did obtain the videotape, but "[t]he video showed nothing due to the distance from the camera, and all the other offenders standing and watching blocked the view." (6/18/2006 Memo, DE 9-10). Accordingly, the DHB considered the video, but it contained neither exculpatory or inculpatory information. The Petitioner's argument regarding the videotape states no claim upon which relief can be granted.

In ground two of his petition, the Petitioner asserts that the evidence was insufficient to find him guilty. In ground three, he states that the "disciplinary board's written disposition for the reasons of finding guilt was inadequate in that it was not specific, and that it simply adopted the officer's conduct report." (Pet. 5, DE 1.)

The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board. *Hill*, 472 U.S. at 455. This standard "does not require evidence that

3

logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id*. at 457. In the appropriate circumstances, such as where the conduct report's author was an eyewitness to the events, the conduct report alone may be sufficient evidence to support a finding of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

In the conduct report against the Petitioner, Correctional Officer E. Orbeck, the victim, wrote "Offender Jones, Ronald #870576 assaulted me by hitting me in the back several times. Offender Jones continued the assault by hitting me in the sides, back, and abdomen." (Report of Conduct, DE 9-3.) This is direct evidence of guilt, and it is sufficient evidence to support a finding that the Petitioner was guilty of battery against Officer Orbeck. That the DHB relied on the Officer Orbeck's eyewitness statement in the conduct report to find the Petitioner guilty did not deprive him of due process.

In ground four, the Petitioner asserts that the board denied his "[request] for a lay advocate to help him prepare a defense, and protect his rights." (Pet. 5, DE 1.) The Constitution, however, does not entitle a prisoner to a lay advocate unless he is illiterate or the charge against him is so complex that it is unlikely that he will be able to collect and present the evidence necessary for an adequate comprehension of the case. *Wolff,* 418 U.S. at 570; *Miller*, 963 F.2d at 1004. Nothing in this record suggests that the Petitioner is illiterate, and the charge against him was very simple.

In ground five, the Petitioner asserts that he was denied due process in the disciplinary proceeding against him because he did not have the opportunity to file an administrative appeal. The Court has given the Petitioner the benefit of any doubt by reviewing this petition on the

merits because there is the possibility that his appeal was not processed by the prison staff. But even assuming that his appeal was not processed, the lack of an administrative appeal did not deprive him of due process.

*Wolff* guarantees several procedural rights related to the disciplinary hearing itself, but *Wolff* does not provide for any procedural rights on appeal, nor even for a right to appeal. The Supreme Court has warned the courts of appeals "not to add to the procedures required by *Wolff*, which . . . represents a balance of interests that should not be further adjusted in favor of prisoners." *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308 (1976)). Because there is no requirement that states afford inmates an administrative appeal in prison disciplinary proceedings, the fact that the Petitioner was not able to appeal does not present a basis for habeas relief.

In ground six, the Petitioner asserts that he "did not receive a hearing before an impartial fact-finder, for the reasons stated above." (Pet. 6, DE 1.) The Petitioner, however, does not state any specific reasons why he believes the DHB members were not impartial.

Due process requires that decision makers in prison disciplinary proceedings be impartial and have no direct personal involvement in the incident that forms the subject of the hearing. *Wolff*, 418 U.S. at 592; *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983). The Petitioner appears to believe that the DHB members did not treat him fairly, but that is not the test for partiality. What *Wolff* guarantees is that the author of the conduct report or someone involved in investigating the incident does not serve on the hearing board. *Redding*, 717 F.2d at 1113. Nothing the Petitioner has submitted supports an inference that the members of his DHB were not impartial within the meaning of *Wolff*.

For the foregoing reasons, the Court **DENIES** the Respondent's motion to dismiss (DE 8) and **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases

and 28 U.S.C. § 2254(b)(1)(A). The Court **DENIES AS MOOT** the Petitioner's Motion for a Ruling (DE 14).

SO ORDERED on March 31, 2008.

        s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION